UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:04-cr-74-02 SEB |
| vs. ) | |
| ) | |
| PRENTICE DAVIS, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER
REDUCTION OF DEFENDANT'S SENTENCE**
(Docket No. 64)

The Court previously ordered the sentence of Defendant Prentice Davis (Davis) reduced from 195 months to 168 months, pursuant to 18 U.S.C. § 3582(c)(2), based on the retroactive application of the crack cocaine amendments under the Sentencing Guidelines. The Government objects to that ruling, requesting that we reconsider it. We address the Government's Motion to Reconsider (Docket No. 64) below.

There is no dispute that Davis was eligible to seek such a reduced sentence under U.S.S.G. § 1B1.10. As a result of such a reduction, we determined that Davis's amended guideline range is 108 months to 135 months based on a total offense level of 30 and criminal history level II. He also must serve 60 months consecutive to the cocaine sentence on a gun conviction. Davis's counsel filed a request for a reduction of the original 195 month sentence to 168 months (108 months plus 60 months), which the Count granted in its August 1, 2012 Order.

The Government thereafter interposed its objection to this reduction, seeking reconsideration based on the fact that Davis's convictions and sentence covered both powder and crack cocaine, and,

with respect to the powder cocaine, the amount attributable to Davis was "at least 15 kilograms" (in addition to 500 grams of crack).  Noting that the reduction is only available for crack cocaine convictions, the Government makes two arguments.  First, the Government argues that the "at least 15 kilograms" reference was misconstrued as "no more than 15 kilograms" of powder cocaine (and 500 grams of crack), when in fact Davis was responsible for an amount of powder cocaine substantially exceeding 15 kilograms.  Second, it argues that Davis's conviction on Count Two of the indictment was only for powder cocaine and should have been considered separately and, had it been considered separately, it would have resulted in an offense level of 36 under the guidelines range, which level would be comparable to the unreduced sentence as originally imposed.

The Probation Department for our District recommended the original reduction, relying on Davis's generally good disciplinary record while incarcerated and the fact that his prior criminal history, while lengthy, consists most of minor misdemeanor offenses.  Prior to receiving his current sentence, Davis had never been required to serve any lengthy period of confinement.  In imposing his original sentence, the Court departed five-levels from the applicable guideline range based on U.S.S.G. § 5K1.1.  If a similar departure were applied to the adjusted range, his sentence would fall within the range of 108 months to 135 months (plus the 60 months consecutive for Count 4).

In light of the Government's Motion to Reconsider, the Court requested that the Probation Department run a supplemental guidelines calculation in an effort to determine the effect of the Government's theory.  As laid out in the attached memo, the Probation Officer notes that the government has referenced paragraph 33 of the presentence report, which contains the stipulated amounts of cocaine attributable to each of the defendants who had pled guilty.  This is the source of the "at least 15 kilograms" reference cited above for the amount attributable to Davis.  The Government now argues that that amount should be increased to a level reflecting in excess of 150

kilograms, based on the subsequently acquired testimony of one of Davis's co-conspirators, Roger Rucker, contending that Davis should be held responsible for the higher amount because it would have been reasonably foreseeable to him.

We are not convinced of either the fairness or the accuracy of this view.  First, importantly, the Government did not argue for this higher amount at the time of Davis's original sentencing.  When he was originally sentenced, he was tagged with responsibility for "at least 15 kilograms."  Thus, it seems patently unfair at this juncture to increase the amount of drugs attributable to Davis, claiming that higher amount was reasonably foreseeable to him, when the government previously stipulated to the lower amount when Davis was originally sentenced.

Further, the Government's argument that the base offense level computation should be based on a bifurcated quantity analysis that separates from any entitlement to reduction the amount of the powder cocaine from the amount of crack cocaine does not comport with the overall guidelines structural rules.  The Government contends that if only the quantity of powder cocaine is considered, an offense level of 36 would apply, and that sentencing range comports with the sentence originally imposed.  Since reductions are available only for crack cocaine sentences, since that range in this case would be less than a level 36, the Court does not need to reach the issue at all and Davis's sentence should not have been lowered.

This contention, however, fails to take into account the grouping rules by which drug quantities are to be determined, based on marijuana equivalencies as set forth in the relevant equivalency tables. We requested that the Probation Officer "run" the guideline numbers nonetheless based on the government's bifurcation theory, in an effort to determine the effect of each of the respective ranges, that is, for level 35 and level 33.  The Probation Officer's calculations are set out in the attached report.  Pursuant to his analysis, the ranges overlap in such as way as to include as

a common number of 168 months in both offense levels.  This figure (168 months) appears at the high end of the level 33 calculation and at the low end of the level 35.

We view this overlapping figure as validation for our order approving the reduction in the original sentence to a level of 168 months.  Figuring the sentence, as counsel certainly understand as well as does this judge, is both art and science.  We find no basis to conclude that the reduction is inappropriate or otherwise unjust.

For these reasons, because the Court is persuaded that its prior order comports with substantial justice, the Government's Motion to Reconsider does not result in any change to our original determination.  The Order of August 1, 2012, stands, and Defendant Davis's term of imprisonment shall be reduced from a total of 195 months to 168 months.

IT IS SO ORDERED.

Date: 10/16/2012

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Attachment (1) - Akers's Memorandum dated September 6, 2012

Copies to:

  Melanie C. Conour
    UNITED STATES ATTORNEY'S OFFICE
    melanie.conour@usdoj.gov

  Juval O. Scott
    INDIANA FEDERAL COMMUNITY DEFENDERS
    juval.scott@fd.org